429 F.2d 520
 74 L.R.R.M. (BNA) 2872, 63 Lab.Cas. P 11,037
 H. L. ROBERTSON & ASSOCIATES, INC., Plaintiff-Appellee,
v.
PLUMBERS LOCAL UNION NO. 519, UNITED ASSOCIATION OF
JOURNEYMEN AND APPRENTICES OF the PLUMBING AND
PIPEFITTING INDUSTRY OF the UNITED
STATES AND CANADA, AFL-CIO,
Defendant-Appellant.
 No. 29316 Summary Calendar.
 United States Court of Appeals, Fifth Circuit.
 July 17, 1970.
 
 Joseph H. Kaplan, Kaplan, Dorsey, Sicking & Rodenberg, P.A., Miami, Fla., for defendant-appellant.
 Joseph A. Caldwell, Joseph A. Perkins, Marchant, Perkins, Cook & Caldwell, Miami, Fla., for plaintiff-appellee.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 H. L. Robertson & Associates, Inc. (Robertson) commenced this action under section 303 of the Labor Management Relations Act, 29 U.S.C. 187, to recover damages from Plumbers Local Union No. 519 (Local 519). Robertson, a nonunion plumbing contractor, was engaged by Babcock Builders, Inc. to install plumbing in a building located in Coral Gables, Florida. In this lawsuit, it complained of the damages allegedly sustained by it as a result of picketing at the jobsite by Local 519. Robertson alleged that the picketing violated the secondary boycott section of the National Labor Relations Act, 29 U.S.C. 158(b) (4)(i) and (ii)(B), because its object was to force Babcock Builders to sever the contract with Robertson and hire a union plumbing contractor instead. Determining the legality of the very union practices in issue here, the Labor Board found, on May 10, 1968, that Local 519's picketing was unlawful secondary activity. 171 N.L.R.B. No. 37. On April 11, 1969, the District of Columbia Circuit ordered emforcement of the Labor Board's decision, with certain modifications not relevant here. Local U. No. 519, United Ass'n of J. & A. of Plumb., etc. v. NLRB, D.C. Cir., 1969, 416 F.2d 1120. In the court below, the District Judge concluded that the Labor Board's determination of illegality was res judicata regarding the issue of Local 519's liability to Robertson. After a trial to the court, Robertson was awarded damages in the amount of $4,506.96, which represented the legal costs incurred by Robertson in its participation in the unfair labor practice proceedings before the Labor Board and the District of Columbia Circuit. Local 519 appeals, contending that rules of res judicata are inapplicable to this case and that the attorney's fees paid by Robertson are not proper elements of damage in this section 303 action.
 
 
 2
 We affirm the judgment of the District Court.[1] In Painters Dist. Coun. No. 38, etc. v. Edgewood Contracting Co., 5 Cir., 1969, 416 F.2d 1081, we held that, in appropriate circumstances, the Labor Board's determination of illegality under 29 U.S.C. 158(b)(4)(i) and (ii)(B) is res judicata on the issue of the union's liability in a subsequent damage suit brought under section 303. As in Edgewood Contracting Co., the record in this case shows that the Board conducted a full hearing on the issue of the legality vel non of Local 519's activities at the jubsite, with the present parties represented at that hearing by counsel. It does not appear that there are any issues regarding the union's liability which were not decided by the Board or that there is evidence that the Board did not consider. The 'rule-of-thumb' applied by the Board in determining that Lacal 519's picketing was illegal-- the Moore Drydock guidelines-- have been recognized by this Court. Gulf Coast Building & Supply Co., Inc. v. IBEW, Local 480, 5 Cir., 1970, 428 F.2d 121. For the reasons we found persuasive in Edgewood Contracting Co., we hold that the District Court correctly accorded res judicata effect to the Labor Board's findings on the secondary boycott issue.
 
 
 3
 Section 303 is compensatory in nature, and damages may be recovered only for actual losses sustained as a result of the unlawful secondary activity. Gulf Coast Building & Supply Co., Inc. v. IBEW, Local 480, 5 Cir., 1970, 428 F.2d 121; Sheet Metal Wkrs. Int. Ass'n, Loc. Union No. 223 AFL-CIO v. Atlas Sheet Metal Co., 5 Cir., 1967, 384 F.2d 101, 109. Under the circumstances of this case, the contention that the attorney's fees sustained by Robertson are not allowable is without merit.
 
 
 4
 Affirmed.
 
 
 
 [1]
 We have concluded on the merits that this case is of the character that does not justify oral argument. Therefore, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this action in writing. 5 Cir.R. 18; see Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526, 527-530; Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, 805-808