**Betty K. TRIVETT et al., Plaintiffs,**

v.

**TRI–STATE CONTAINER CORPORATION, Defendant.**

**Civ. A. No. 2649.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 30, 1973.

## MEMORANDUM OPINION
## AND ORDER

NEESE, District Judge.

The original and intervening plaintiffs claim that the defendant has engaged, and is engaging, in the unlawful employment practice of limiting, segregating or classifying its employees or applicants for employment in a way which would deprive, or tend to deprive, them of employment opportunities or otherwise affect their status as an employee because of the plaintiffs' sex. 42 U.S.C. § 2000e–2(a)(2). The defendants seek a summary judgment, Rule 56(b), Federal Rules of Civil Procedure, on multiple grounds and in several varying contexts.

▆ The affidavits offered by the defendant in support of its motion reflect that it has evidence to offer on the trial of beneficent and laudatory intentions in adopting its system of classifying its employees. " * * * Although evidence of announced laudatory intentions is obviously not by itself dispositive in Title VII cases, such evidence is relevant and may be accorded cumulative weight on the issue of an employer's good faith, which in turn becomes material when an intentional policy of discrimination is alleged. * * * " Ochoa v. Monsanto Company, D.C.Tex. (1971), 335 F.Supp. 53, 57 [1]. This Court " * * * has the duty of directing appropriate legal action to the extent the employer's beneficent practices fall short * * * ," Rowe v. General Motors Corporation, C.A. 5th (1972),

457 F.2d 348, 355 [8], of eliminating sex discrimination.

■ One facet of the defendant's motion relates to all claims of the intervening plaintiffs, on the ground that none of them presented a claim to the Equal Employment Opportunities Commission. This contention is without merit. " * * * [N]o procedural purpose could be served by requiring scores of substantially identical grievances to be processed through the EEOC when a single charge would be sufficient to effectuate both the letter and the spirit of Title VII. * * * " Miller v. International Paper Company, C.A. 5th (1969), 408 F.2d 283, 285 [1]. The defendant's motion for a partial summary judgment on this issue, therefore, hereby is

Denied.

■ The defendant also seeks a stay of these proceedings to allow arbitration of the plaintiffs' grievance, that they have been discriminated against solely because of their sex, in the rate of compensation they received and in being laid-off from their work earlier than their male counterparts. If the collective bargaining agreement between the defendant and the union representing the plaintiffs provided for arbitration of a grievance which is clearly governed by such contract of the parties, such a motion would be good. Cf. Rhine v. Union Carbide Corporation, C.A. 6th (1965), 343 F.2d, 12, 16 [2], [5], [6]. Here, however, the plaintiffs' claim is not clearly governed by the bargaining agreement of their union and their employer. Nowhere therein is there any prohibition against discrimination because of the sex of an employee. It thus appears that the major aspects of the plaintiffs' claims are beyond the power of an arbiter's decision. Cf. Newman v. Avco Corp.-Aerospace St. Div., Nashville, Tenn., C.A. 6th (1971), 451 F.2d 743, 748 [3], where there was no prohibition in the labor-management agreement against racial discrimination in hiring, employment, promotion or dis-

charge of employees. Such motion being without merit, it hereby is denied.

■■ The defendant contends it is entitled to summary judgment on the plaintiffs' claim for monetary damages, because it had no intention to discriminate against them and because the plaintiffs lacked the physical characteristics necessary to do the work of a general floor helper. To violate Title VII of the Civil Rights Act of 1964 by discriminating against an employee because of sex, the employment practice must be shown to have been deliberate rather than accidental, but it is not necessary to show that any such violation was intentional. Sprogis v. United Air Lines, Inc., C.A. 7th (1971), 444 F.2d 1194, 1201 [10]; see also Local No. 189, United Paperworkers v. United States, C.A. 5th (1969), 416 F.2d 980, 996, certiorari denied (1970), 397 U.S. 919, 90 S.Ct. 926, 25 L.Ed.2d 100, and Jones v. Lee May Motor Freight, Inc., C.A. 10th (1970), 431 F.2d 245. Whether sexual characteristics were crucial to the successful performance of the job of general floor helper has not yet been demonstrated. See and cf. Rosenfeld v. Southern Pacific Company, C.A. 9th (1971), 444 F.2d 1219, 1224-1225 [3, 4].

The defendant also claims that it has ceased its former practice of discrimination because of sex, and that it is entitled to a summary judgment on the issue of injunctive relief. If the evidence as a whole reflects that the defendant had discriminated against females in promotion and transfer, and that such discriminatory practices were not accidental, injunctive relief will be appropriate. Cf. Rowe v. General Motors Corporation, supra, 457 F.2d at 359-360 [13].

The defendant contends further that it is entitled to a partial summary judgment as to all the plaintiffs' claims for back wages except during the periods when a plaintiff was actually laid-off. If the defendant has intentionally engaged, or is intentionally engaging, in an unlawful employment practice

charged in the complaint, this Court " * * * may * * * order such affirmative action as may be appropriate [and], which may include * * * back pay (payable by the employer * * * responsible for the unlawful employment practice). * * * " 42 U.S.C. § 2000e–5(g). Although it would seem that any back-pay due would be confined to periods when the plaintiffs were actually laid-off, the Court does not wish at the present time to restrict the fashioning of an appropriate judgment by granting summary judgment on this issue. The same reasoning applies to the claim that the plaintiffs are not entitled to the differential between the wages of class B folders and the wages of general floor helpers. Those facets of the motion are accordingly denied.

■ Neither the doctrine of res adjudicata nor collateral estoppel is applicable to the plaintiffs' claims. Newman v. Avco Corp.-Aerospace St. Div., Nashville, Tenn., *supra,* 451 F.2d 743, 748. As the Court has decided that the grievances of the plaintiffs are beyond the power of arbitration under the bargaining agreement of the parties, this Court will not defer to the results of arbitration herein. Rios v. Reynolds Metals Company, C.A. 5th (1972), 467 F.2d 54, 58 [5, 6]. The plaintiffs are not barred by the theory of election of remedies. Newman v. Avco Corp.-Aerospace St. Div., Nashville, Tenn., *supra,* 451 F. 2d at 746–747 [2]. As to any failure of the plaintiffs to respond to interrogatories served, such inaction is subject to a motion to compel discovery, Rule 37(a)(2), Federal Rules of Civil Procedure. The application for the original plaintiffs to represent herein the class of all female employees of the defendant was denied. Memorandum opinion and order of December 28, 1971. This summation suffices to enable the Court to DENY the other grounds for summary judgment delineated by the defendant.

The clerk will assign this matter for further pretrial conference at the first convenient time.