**PREMIUM BUILDING PRODUCTS COMPANY, Plaintiff,**

v.

**UNITED STEELWORKERS OF AMERICA, AFL–CIO–CIC, et al., Defendants.**

**No. C85–20–A.**

United States District Court, N.D. Ohio, E.D.

Aug. 16, 1985.

Craig I. Kaufman and David A. Campbell, Akron, Ohio, for plaintiff.

Henry A. Arnett and Stewart R. Jaffy, Columbus, Ohio, for defendants.

### ORDER

BELL, District Judge.

Plaintiff brought this action to vacate an arbitrator's award setting aside the discharge of its employee, Darrell Brinker. Jurisdiction is invoked pursuant to the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a), and the United States Arbitration Act, 9 U.S.C. §§ 9, 10. A state claim under Ohio Revised Code § 2711.-10(D) is also asserted pursuant to this court's pendent jurisdiction. Defendants have filed a counterclaim under the same federal enactments to enforce the arbitrator's award relating to Darrell Brinker. Plaintiff is an employer and defendants-counterclaimants, a labor organization within the meaning of the Labor Manage-

ment Relations Act of 1947. 29 U.S.C. §§ 152(2), (5).

The parties entered a collective bargaining agreement effective from November 1, 1982 through October 31, 1985 which provided for binding arbitration. *See* Exhibit A to Amended Complaint at Article IX, § 2(b). The matter of Darrell Brinker's discharge was submitted to arbitration after the preliminary steps of the grievance procedure failed to resolve his grievance related to his discharge. The parties agreed to the selection of Thomas C.B. Letson as arbitrator. Mr. Letson conducted a hearing on October 11, 1984 and thereafter issued a written opinion and findings in October 29, 1984 which is the subject of this dispute.

The parties have submitted cross-motions for summary judgment in this matter each claiming that there are no material issues of fact in dispute and that it is entitled to summary judgment. Challenges to arbitration awards have been resolved through cross-motions for summary judgment on a paper record when there are no disputed issues of material facts. *Storer Broadcasting Co. v. American Federation of Television and Radio Artists, Cleveland Local, AFL–CIO*, 600 F.2d 45, 49 n. 15 (6th Cir.1979); *Exquisito Services, Inc. v. Bartenders, Motel, Hotel and Restaurant Workers Local Union No. 222*, 579 F.Supp. 873, 876–77 (S.D.Ohio 1984). The following facts have been drawn from the record before this court.

At approximately 7:30 P.M. during the afternoon shift on January 3, 1984, plaintiff's extrusion foreman, James Fagin, Jr., entered the tool and dye room and noticed Darrell Brinker standing in an alcove. Fagin observed Brinker holding a pair of needlenose pliers to his lips. There was a glow visible at the tip of the pliers. Fagin approached Brinker and asked what he was doing. Brinker did not reply. Fagin asked Brinker to step aside and when he did, a portion of marijuana cigarette was found and recovered from the spot. Fagin took the remains of the cigarette and Brinker's needlenose pliers and reported the incident to the plant supervisor. Brinker was thereafter relieved and sent home. After management personnel reviewed the statements of the matter, Brinker was discharged. Chemical analysis indicated traces of marijuana on the pliers and that, in fact, the cigarette did contain marijuana.

Brinker denied any knowledge of the cigarette or that he was smoking marijuana. The area where this incident occurred is a walk-through utilized by other employees. The arbitrator, however, disbelieved Brinker totally and stated that he was persuaded beyond a reasonable doubt that Brinker was smoking marijuana.

Brinker had worked for plaintiff for approximately four years prior to his discharge. The record reveals no other disciplinary incidents during his tenure with plaintiff.

At the arbitration hearing, the United Steelworkers of America, AFL–CIO–CIC, (the Union) presented some evidence of inconsistency of disciplinary treatment among employees involved with marijuana and pointed out that there were no work rules dealing directly with the use of alcohol or drugs on plaintiff's premises. After finding factually that Brinker had smoked marijuana as charged, the arbitrator moved on to the issues raised by this evidence. The arbitrator found that even though there were no written work rules governing use of drugs and alcohol on plaintiff's premises, "it is well established ... that either is a serious and dischargeable offense in the industrial setting." Opinion and Award, Grievance 84–4, at 4. However, he found that in Brinker's case there was no offensive conduct except the act of smoking itself. *Id.*

The evidence as to inconsistent disciplinary procedures was not complete and appeared not to be a basis for his finding. The arbitrator did not state any factual conclusion based on that evidence. Neither did he conclude that the Union's arguments of lack of due process had any effect on his finding.

Pursuant to the collective bargaining agreement between the parties, plaintiff

could discharge an employee for just or proper cause. *See* Exhibit A to Amended Complaint, Articles III, § 7a; XII, § 1; XIV, § 5. The arbitrator thus framed the issue before him as whether Brinker was discharged for just cause. He found that there was no just cause for discharge but that Brinker's conduct warranted severe discipline. Accordingly, he set aside the discharge and ruled that Brinker should be reinstated but should receive no back pay or seniority credit for the ten months since his discharge.

Plaintiff seeks to have the award vacated because it fails to draw its essence from the collective bargaining agreement. Specifically, plaintiff claims that:

(1) The Award violates and contravenes well defined and dominant federal and state public policies regarding drug use and perjury.

(2) An examination of the four page opinion accompanying the Award reveals no support whatsoever for the determination to reinstate Darrell Brinker.

(3) The Award is improperly based on alleged procedural irregularities in the grievance process and concepts of fundamental unfairness.

(4) The Award lacks fundamental rationality and is arbitrary and capricious.

Plaintiff's Motion for Summary Judgment at 2.

Defendant Unions, on the other hand, contend in opposition and in their motion for summary judgment that the award does draw its essence from the collective bargaining agreement, that the arbitrator's finding was consistent with his power to interpret the contract and that the award should be confirmed in that the statutory grounds for vacating an award have not been met. *See* 9 U.S.C. § 10 and Ohio Revised Code § 2711.10 which allow for an arbitration award to be vacated only:

(a) Where the award was procured by corruption, fraud, or undue means.

(b) Where there was evident partiality or corruption in the arbitrators, or either of them.

(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual final, and definite award upon the subject matter submitted was not made.

■ In reviewing the issues in this matter, it must be remembered that national policy has favored the use of arbitration to resolve disputes concerning collective bargaining agreements. *See South Prairie Construction Co. v. Local 627, IUOE, AFL–CIO,* 425 U.S. 800, 96 S.Ct. 1842, 48 L.Ed.2d 382 (1976) *and* the Steelworkers Trilogy: *United Steelworkers of America v. American Mfg. Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). It is a well settled principle based on the favored status arbitration has received that judicial review of an arbitration award should be very narrow. *Diapulse Corp. of America v. Carba, Ltd.,* 626 F.2d 1108, 1110 (2d Cir.1980), and cases cited therein. *See also* 9 U.S.C. §§ 10, 11. While an arbitrator's powers are not unlimited, "his award should be upheld as long as he does not disregard or modify plain and unambiguous provisions of a collective bargaining agreement." *General Telephone Co. of Ohio v. Communications Workers of America, AFL–CIO,* 648 F.2d 452, 457 (6th Cir.1981). *See also Johnston Boiler Co. v. Local Lodge No. 893, International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL–CIO,* 753 F.2d 40, 43–44 (6th Cir.1985).

■ A court must refrain from substituting its own judgment on the merits for that of the arbitrator when the essence of

an award is drawn from the bargaining agreement. *W.R. Grace & Co. v. Local 759, International Union of the United Rubber, Cork, Linoleum and Plastic Workers of America,* 461 U.S. 757, 764–66, 103 S.Ct. 2177, 2182–84, 76 L.Ed.2d 298 (1983); *Timken Co. v. Local Union No. 1123, United Steelworkers of America, AFL–CIO,* 482 F.2d 1012, 1014 (6th Cir. 1973). When the parties provide for arbitration in their bargaining agreement "it is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. at 599, 80 S.Ct. at 1362.

In this case the parties provided for binding arbitration of their disputes. *See* Exhibit A to Amended Complaint at Article IX, § 2(b). They bargained further that:

The arbitrator may interpret this Agreement and apply his interpretation to the particular grievance but shall have no authority to add to, subtract, modify, or amend in any way the terms and conditions of this Agreement.

*Id.* In relation to discharges, the collective bargaining agreement provides that plaintiff may discharge for proven justificable cause, Article III, § 7(a); proper cause, Article VII, § 1; and just cause, Article XIV, § 5. These terms are not defined in the body of the collective bargaining agreement and are, therefore, subject to interpretation by the arbitrator in relation to a particular grievance as provided in Article IX, § 2(b).

▮ Plaintiff's position appears to be that the arbitrator exceeded his authority in reinstating Brinker after making the factual finding that he was smoking marijuana at his workplace. That, however, is not the case. The arbitrator has the power to interpret the terms of the contract in relation to a particular grievance, which he did in this case. While stating that the use of marijuana at the workplace was a serious and dischargeable offense even without written work rules proscribing this activity,

he found the facts in this case did not warrant discharge. He pointed out in his factual findings that the only offensive conduct upon which the discharge was based was the act of smoking itself. This he concluded was not just cause for discharge. Even if this court should rule differently on the merits, it cannot find that the arbitrator's conclusion is inconsistent with his factual findings. It is the arbitrator's interpretation that the parties bargained for. *W.R. Grace & Co. v. Local 759, International Union of the United Rubber, Cork, Linoleum and Plastic Workers of America,* 461 U.S. at 764–66, 103 S.Ct. at 2182–84.

Plaintiff's public policy arguments do not alter this result. The cases cited by plaintiff stand for the proposition that in arbitration award may be vacated if its enforcement would contravene well defined and definite public policy. *W.R. Grace & Co. v. Local Union 759, International Union of the United Rubber, Cork, Linoleum & Plastic Workers of America,* 461 U.S. at 766, 103 S.Ct. at 2183; *United States Postal Service v. American Postal Workers Union, AFL–CIO,* 736 F.2d 822, 824–25 (1st Cir.1984); *Amalgamated Meat Cutters v. Great Western Food Co.,* 712 F.2d 122, 124 (5th Cir.1983); *Local No. P–1236, Amalgamated Meat Cutters & Butchers Workers of North America, AFL–CIO v. Jones Dairy Farm,* 680 F.2d 1142, 1144–45 (7th Cir.1982); *World Airways, Inc. v. International Brotherhood of Teamsters, Airline Division,* 578 F.2d 800, 802–04 (9th Cir.1978). All of these cases are factually distinguishable, however, and involve clearly defined public policy areas. The *World Airways, Inc.* case involved an arbitrator's order to retrain a pilot demoted for judgmental deficiencies and to give him an opportunity to requalify as pilot-in-command. The *Great Western* case also involved public safety issues. There, an arbitrator ordered a truck driver reinstated who had admitted drinking alcohol prior to overturning an eighteen-wheel rig. The *United States Postal Service* case involved an arbitration order reinstating a discharged window clerk to a different position where money was not handled

after the clerk had been convicted of embezzling postal funds. The *Jones Dairy Farm* court vacated an arbitrator's award because it was based on a work rule that was contrary to public policy and violative of the collective bargaining agreement. The work rule required employees to deal through plant supervisors rather than directly with the United States Department of Agriculture concerning any deficiencies or unsanitary conditions at the dairy.

The public policy plaintiff argues as having been violated by the arbitrator's award in this case is not so clearly defined as are the safety considerations and condonation of corrupt acts for which a person is convicted involved in the cases above. The arbitrator was reviewing a set of facts which involved a single incident of smoking marijuana with no allied facts regarding safety or judgment concerns. In his view this conduct warranted serious discipline but was not just cause for discharge. This court cannot establish an across-the-board ruling that public policy requires that anyone caught smoking marijuana at their workplace is subject to discharge in all cases. This is not to minimize the seriousness of this offense which, this court would think, should be the subject of clear work rules dictating company policy. It is merely an area which involves more general considerations of public policy better left to the balance of the grievance procedure where all the facts can be heard.

Plaintiff further argues that public policy factors are involved because Brinker perjured himself at the grievance hearing. The basis of this argument is the arbitrator's finding, that Brinker was smoking marijuana. These findings, however, were based on judging credibility. There have been no admissions or convictions of perjury in this case.

Plaintiff argues also that this award must be vacated because it is fundamentally irrational, arbitrary and capricious in that it finds that Brinker did the act for which he was charged and yet reinstated him. The arbitrator did not, however, reinstate him without serious discipline. He apparently found that because the conduct

was smoking and no other offensive conduct, the event was not dischargeable. Without any statement on the merits, this court cannot say his ruling was fundamentally irrational.

Finally, plaintiff argues that the award must be vacated pursuant to 9 U.S.C. § 10(d) because the arbitrator exceeded his powers. The court cannot so find.

Contrary to what plaintiff contends, the arbitrator did draw his conclusion from the essence of the bargaining agreement and did not modify or amend its provisions. Plaintiff's claims represent a dissatisfaction with the arbitrator's conclusion, a matter outside the scope of this court's review once it is determined that it was rendered within the confines of the parties' agreement. The construction of the agreement by the arbitrator is what the parties bargained for in this case and as it drew its essence from the agreement, it should stand undisturbed by this court. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. at 599, 80 S.Ct. at 1362.

Accordingly, summary judgment is granted in favor of the defendant and this cause dismissed.

IT IS SO ORDERED.