Lavina **TOROCKIO**, Mabel Miller, Dorothy Bell, Ruth Dillon, Stefanna Yumin, Helen Balega, Thelma Fannie, Mary Mehalic, Ida Datsko, and Elizabeth Blatnik, for themselves and on behalf of others similarly situated, Plaintiffs,

v.

**CHAMBERLAIN MFG. CO.**, a corp., and United Electrical, Radio and Machine Workers of America, Local No. 624, Defendants.

**Civ. A. No. 68-1047.**

United States District Court, W. D. Pennsylvania.

Dec. 15, 1970.

Harry Alan Sherman, Pittsburgh, Pa., for plaintiffs.

Daniel M. Berger, Pittsburgh, Pa., and Robert Z. Lewis, New York City, for Local No. 624 of the United Electrical, Radio and Machine Workers of America.

Robert L. Frantz, Pittsburgh, Pa. and Robert W. Lees, of Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for Chamberlain Manufacturing Co.

## OPINION

WEIS, District Judge.

The parties to this suit arising under the Equal Employment Opportunities section of the Civil Rights Act of 1964[1] have raised the question of a possible conflict between the provisions of the Act and the Federal Rules of Civil Procedure.

The plaintiffs' claim is founded upon alleged job discrimination based on sex and is brought against their employer and the local union to which they belong, the same parties who were charged before the Equal Employment Opportunities Commission in the necessary preliminary jursdictional proceeding.

It appears however, that in addition to the defendants, employer and local union, the international body designated as the United Electrical, Radio & Machine Workers of America was also a signatory to the labor contract which is an important facet of the plaintiffs' case.

Feeling that its interest would be best served by having the international union become a party, the employer has filed a Motion to Join the United Electrical Radio & Machine Workers of America as a party defendant under Rule 19[2] or, in the alternative, as a third party defendant under Rule 14.[3]

The local union has objected on the grounds that the international was not named as a respondent in the E.E.O.C. proceedings and therefore may not be a defendant in this action. While there may be some question, in a technical sense, of the local's standing to object to the joinder, the court recognizes that in this instance it is the international which is advancing its objections through the local. Counsel for the international union appearing on behalf of the local has briefed and argued ably against the motion for joinder. No criticism is intended by this allusion, the comment being made simply to demonstrate that even though the international union has not been added to the case, its position has been presented to the court. That being so it would seem to be in order to meet the issue at this time.

It is true that there is a series of cases holding that a plaintiff may not sue a defendant unless it was named as a respondent before the E.E.O.C.[4] As the court explains in Waters v. Wisconsin Steel Works of International Harvester Co., 7 Cir., 427 F.2d 476, the intent of Congress was to require informal processing of claims and conciliation proceedings before requiring the parties to resort to the courts.

There can be no quarrel with the desirability of such a procedure or the necessity of enforcing compliance by the parties. The situation presented here,

1. 42 U.S.C. § 2000e et seq.

2. *"Joinder Of Persons Needed For Just Adjudication, (a) Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or

otherwise inconsistent obligations by reason of his claimed interest. * * *"

3. *"Third-Party Practice, (a) When Defendant may Bring in Third Party.* At any time after commencement of the action a defending party, as a *third-party plaintiff,* may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * *"

4. Mickel v. South Carolina State Employment Service, 4 Cir., 377 F.2d 239; Cox v. United States Gypsum Co., D.C., 284 F.Supp. 74; Moody v. Albemarle Paper Co., D.C., 271 F.Supp. 27; Sokolowski v. Swift & Co., 286 F.Supp. 775, D.C., and others.

however, is somewhat different. It is not the plaintiffs who seek to join the additional party; it is one of the defendants which was not given or could not be given such a right before the Commission. In essence, the question is whether the Civil Rights Act by implication deprives the defendants of their very valuable rights under the Federal Rules of Civil Procedure to have a resolution of all facets of the dispute in one proceeding—the "just, speedy and inexpensive determination of every action" as Rule 1 phrases it.

We find nothing in the Civil Rights Act which would supplant the Rules of Civil Procedure in suits under the Act which are in the courts.

There appear to be no cases precisely on point although Blanton v. Southern Bell Telephone Company, D.C., 49 F.R.D. 162, apparently shares a similar view. Bremer v. St. Louis Southwestern Railroad Co., D.C., 310 F.Supp. 1333, points out the desirability of disposing of the complete proceeding either in the court action or the administrative proceedings.

We conclude, therefore, that there is no conflict between the jurisdictional requirements of the Act requiring the plaintiff to name all potential defendants as respondents in the administrative proceedings and the Rules of Civil Procedure which allow the defendants to bring appropriate parties into the case once suit has been filed in the district court.

While the defendant employer has alleged that the international union is a party which should be joined in accordance with the provisions of Rule 19, the facts in this case have not been developed to the point where the court may determine whether the proposed defendant meets the tests set out in that Rule.

It seems clear that the Chamberlain Company has set out a claim for contribution which would entitle it to join the

international as a third party defendant under Rule 14. The court, however, recognizes the limitations which a joinder under that theory may entail and chooses instead to order the addition of the international as a defendant in accordance with Rule 21.[5] In short, the court feels that the international is a "desirable" party at this stage of the proceedings. Whether it is in fact a "necessary" one remains to be seen. An appropriate Order will be entered.

5. " * * * Parties may be dropped or added by order of court on motion of any party or of its own initiative at any stage of the action and on such terms as are just * * *."