**Lenore J. KINNUNEN, Plaintiff,**

v.

**AMERICAN MOTORS CORPORATION, a Maryland Corporation, Defendant.**

**No. 72–C–212.**

United States District Court, E. D. Wisconsin.

July 26, 1972.

Nicholas C. Catania, Milwaukee, Wis., for plaintiff.

Foley & Lardner, by Herbert P. Wiedemann, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff commenced this action in a state court alleging violations of a collective bargaining agreement between the defendant and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) and its Local No. 75 (UAW).

Following removal, the defendant filed a motion pursuant to Rule 12(b)(7) and 21, Federal Rules of Civil Procedure, to compel the plaintiff to join the international and local unions as defendants. A briefing schedule was established, and the defendant filed a memorandum in support of its position; however, the plaintiff did not respond.

This court had original jurisdiction in this type of action under § 301(a) of the Labor-Management Relations Act, 29 U.S.C. § 185(a). Vaca v. Sipes, 386 U.S. 171, 183, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); Johnson v. Colts, Inc., 306 F.Supp. 1076, 1078 (D.Conn. 1969); O'Sullivan v. Getty Oil Co., 296 F.Supp. 272, 274 (D.Mass.1969). Therefore, removal was proper under 28 U.S.C. § 1441(a).

I find that the international and local unions are necessary parties under Rule 19, Federal Rules of Civil Procedure. Since the plaintiff alleges violations of an agreement that is to be administered by both the international and local unions, the unions must be present "to aid in the Court's interpretation of the collective bargaining agreement." Johnson v. Colts, supra, 306 F.Supp. at page 1079.

The specific provisions of the agreement relied on by the plaintiff would appear to require joint action by the defendant and the unions. Disposition of this action without such unions being present would probably impede their ability to protect their interests in the subject of this litigation; they would not be available to defend the positions they may have taken in administrating the agreement.

There are also other reasons for joining the unions. Part of the relief requested by the plaintiff would cause her to replace another employee with less seniority. Since the latter employee is a union member, the international and local unions should be joined both to protect that employee's interests and to avoid the risk of conflicting obligations. Bremer v. St. Louis Southwestern R.R., 310 F.Supp. 1333, 1339–1340 (E.D.Mo. 1969).

Finally, the plaintiff is required to show that she has exhausted her bargaining remedies or that the unions have not acted toward her in good faith. Vaca v. Sipes, supra, 386 U.S. at page 183, 87 S.Ct. 903; Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). The defendant correctly points out that it would be inappropriate for this court to make either determination without the presence of the unions.

Therefore, it is ordered that the defendant's motion to join necessary parties be and hereby is granted. The plaintiff is directed to serve and file an amended complaint within 30 days of the date of this order, naming said unions as co-defendants, such order being conditioned on the existence of jurisdiction over said unions.