**EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff-Appellee,**

v.

**LIBERTY MUTUAL INSURANCE
COMPANY, Defendant-Appellant.**

No. 72-2834.

United States Court of Appeals,
Fifth Circuit.

March 27, 1973.

Kalvin M. Grove, S. Richard Pincus, Chicago, Ill., Melbourne D. McLendon, Atlanta, Ga., Robert A. Penney, Boston, Mass., for defendant-appellant.

John deJ. Pemberton, Jr., Acting Gen. Counsel, E. E. O. C., Washington, D. C., Joseph Ray Terry, Jr., Regional Atty., E. E. O. C., Atlanta, Ga., Julia P. Cooper, Beth Don, E. E. O. C., Washington, D. C., for plaintiff-appellee.

Before WISDOM, GEWIN and COLEMAN, Circuit Judges.

PER CURIAM:

This appeal arises out of an action brought by the Equal Employment Opportunity Commission under Title VII, Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Equal Employment Opportunity Act of 1972 P.L. 92-261, 86 Stat. 103 (March 24, 1972), seeking reinstatement and back pay for the allegedly aggrieved party, Sandra Drew, pending final disposition of her charge before the Commission. The Appellant, Liberty Mutual Insurance Company (Liberty), complains of an order issued by the District Court, 346 F.Supp. 675, requiring it to reinstate Mrs. Drew to her former position and directing that she be given back pay with interest from the date of her discharge.

We are unable to agree with the contention of Liberty that the record

fails to support the action taken by the District Court. Our review of the record fails to convince us that the District Court abused its discretion in issuing the order. However, we take note of the fact that the order of the District Court has provided Mrs. Drew with full pay for a period of almost one full year. In addition, she was allowed interest on the back pay awarded to her during the period of her discharge before reinstatement.

■ Pursuant to inquiry by this Court on oral argument, counsel for both parties informed the Court that nothing substantial has been accomplished by the Commission with respect to Mrs. Drew's complaint since the District Court entered its order. This case should receive immediate attention and the controversy should be brought to a proper conclusion. We do not approve the delay by the Commission which is evident in this case, especially in circumstances in which the relationship between employer and employee is seriously affected by the terms of an injunctive order.

We remand the case to the District Court with Directions to institute appropriate procedures to require the Commission to proceed with the investigation and possible disposition of the complaint involved in accordance with the duties imposed upon it by the applicable statutes and that this litigation be brought to a conclusion without further undue delay.

Affirmed and remanded.