**Doris June HELD, Individually and on behalf of all others similarly situated, Plaintiff,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY et al., Defendants.**

**Civ. A. No. 73–H–1053.**

United States District Court,
S. D. Texas,
Houston Division.

April 3, 1974.

Henry M. Rosenblum, Rosenthal & Rosenblum, Houston, Tex., for plaintiff.

Gordon A. Holloway, Sewell, Junell & Riggs, John B. Murphrey, Kronzer, Abraham & Watkins, Houston, Tex., for defendants.

## MEMORANDUM AND OPINION

CARL O. BUE, Jr., District Judge.

### Introduction

This cause of action was initiated by the plaintiff, a female, against her em-

ployer the Missouri Pacific Railroad Company (MoPac) for alleged sex discrimination in employment practices which are claimed to violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Civil Rights Act of 1866, 42 U.S.C. § 1981. In particular, the plaintiff alleges that she was not promoted in 1969 by reason of her sex and that she was subsequently discharged in 1973 in retaliation for having filed charges with the Equal Employment Opportunity Commission (EEOC). Also named as defendants are the International Union Brotherhood of Railway, Airline and Steamship Clerks (BRAC), and its local affiliate (Local 84) which allegedly have acquiesced in MoPac's discriminatory practices. The EEOC has issued findings which conclude that there is reasonable cause to believe plaintiff's allegations with respect to MoPac are valid.

Before this Court are various motions of the defendants to dismiss for lack of jurisdiction and the plaintiff's application for a preliminary injunction ordering her immediate reinstatement by MoPac. Counsel have submitted to the Court the full file before the EEOC as well as a transcript (hereinafter cited as Tr.) of a pre-discharge investigation conducted by MoPac regarding certain charges leveled against the plaintiff. The parties have agreed that the documentary evidence submitted to the Court is sufficient for ruling upon the foregoing motions and that no hearing is required at this time.

*Jurisdiction Under § 1981*

The plaintiff brings this action on behalf of herself and a described class alleging employment discrimination based upon sex by defendant MoPac. Jurisdiction is grounded in part upon the Civil Rights Act of 1866, 42 U.S.C. § 1981, which provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to

the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

■ Classifications based upon sex, like those based upon race, alienage and national origin, are inherently suspect and must be subjected to close judicial scrutiny. Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583, 589 (1973); Reed v. Reed, 404 U.S. 71, 75, 92 S.Ct. 251, 30 L.Ed.2d 225, 229 (1971). *See also* Annot., 27 L.Ed.2d 935 (1971); Annot., 12 A.L.R.Fed. 15 (1972). The Civil Rights Statutes generally have been accorded a sweep as broad as their language. Griffin v. Breckenridge, 403 U.S. 88, 97, 91 S.Ct. 1790, 29 L.Ed.2d 338, 345 (1971). Section 1981 has been cited as a basis in some sex discrimination cases without question. *See, e. g.*, Johnson v. City of Cincinnati, 450 F.2d 796 (6th Cir. 1971); Parmer v. National Cash Register Co., 346 F.Supp. 1043, 1047 (S.D. Ohio 1972). Nevertheless, it has been held or noted that § 1981 is limited solely to jurisdiction based upon allegations of racial discrimination and not to claims of religious, national origin or sex discrimination. Willingham v. Macon Telegraph Publishing Co., 482 F.2d 535, 537 n.1 (5th Cir. 1973); Abshire v. Chicago & Eastern Illinois R. R. Co., 352 F.Supp. 601, 605 (N.D.Ill.1972). Section 1981, like § 1982, is derived from the Civil Rights Act of 1866. Sanders v. Dobbs Houses, Inc., 431 F.2d 1097, 1098–1099 (5th Cir. 1970). The United States Supreme Court has pointed out that the Civil Rights Act of 1866 applies only to racial discrimination. Jones v. Mayer Co., 392 U.S. 409, 413, 88 S.Ct. 2186, 20 L.Ed.2d 1189, 1193 (1968).

■ The Court is well aware that § 1981, on its face, would appear to provide a jurisdictional basis for claims based upon sex discrimination. The Court is also aware that the Supreme

Court on occasion has ignored apparent Congressional intent by construing civil rights legislation so as to provide the general protection afforded on its face. *See* United States v. Mosley, 238 U.S. 383, 388, 35 S.Ct. 904, 59 L.Ed. 1355, 1357 (1915). Nevertheless, in light of the recent pronouncements in Willingham and Jones v. Mayer, the Court feels constrained to conclude that this Court has no jurisdiction over the matters alleged herein under § 1981 and that jurisdiction lies solely within the provisions of Title VII.

*Failure to Charge Union Before EEOC*

█ The plaintiff alleges that the union defendants, BRAC and Local 84, have violated their Duty of Fair Representation under the Railway Labor Act, 45 U.S.C. § 151 et seq., in that they have acquiesced and joined, or conspired, in the unlawful and discriminatory practices and policies complained of by the plaintiff. The union defendants challenge jurisdiction on the ground that they were not named in the plaintiff's EEOC complaint as required by § 706 of the Act, 42 U.S.C. § 2000e–5. As a general rule, this is a jurisdictional prerequisite. *See* McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668, 675–676 (1973); Local 179, United Textile Workers v. Federal Paper Stock Co., 461 F.2d 849, 851 (8th Cir. 1972); Beverly v. Lone Star Construction Corp., 437 F.2d 1136, 1139–1140 (5th Cir. 1971). It has been held that the "right to file suit against the union" does not ripen until it is charged before the EEOC, notwithstanding the fact that an employer is charged. Miller v. International Paper Co., 408 F.2d 283, 291 (5th Cir. 1969). *See also* Le Beau v. Libbey-Owens-Ford Co., 484 F.2d 798 (7th Cir. 1973) (international union not named, whereas employer and local union were named).

The rule is not without exception, however. For example, a union body possibly may be sued when it stands in an agency relationship to a party properly charged before the EEOC with re-spect to the alleged acts of discrimination. *See* Sokolowski v. Swift & Co., 286 F.Supp. 775, 782 (D.Minn.1968). *Contra,* Jamison v. Olga Coal Co., 335 F.Supp. 454, 461 (S.D.W.Va.1971). Joinder of a "desirable" union body by a defendant, as contrasted with joinder by a plaintiff, has been allowed under Fed. R.Civ.P. 19 where deemed necessary to effectuate full justice under the facts. Torockio v. Chamberlain Manufacturing Co., 51 F.R.D. 517 (W.D.Pa.1970). Joinder of a union has been allowed where the interpretation of a collective bargaining agreement would be necessary. Kinnunen v. American Motors Corp., 56 F.R.D. 102 (E.D.Wis.1972); Reyes v. Missouri-Kansas-Texas R.R. Co., 53 F.R.D. 293, 297 (D.Kan.1971). Joinder of a union has been allowed in order to ensure that the rights of a discharged plaintiff's replacement were adequately represented. *Kinnunen, supra*; Bremer v. St. Louis Southwestern R.R. Co., 310 F.Supp. 1333, 1339–1340 (E.D.Mo.1969). When an uncharged union may generally be regarded as "indispensable" to a thorough and adequate implementation of relief compelled by the evidence, that party may be joined, even though the technical requirements of the Act may not have been fully met. *See* Macklin v. Spector Freight Systems, Inc., 156 U.S. App.D.C. 69, 478 F.2d 979, 993 n. 25 (1973); United States v. Chesapeake & Ohio Ry. Co., 471 F.2d 582, 592–593 (4th Cir. 1972), cert. denied, United States v. Locals 268 etc., 411 U.S. 939, 93 S.Ct. 1893, 36 L.Ed.2d 401 (1973); Butler v. Local No. 4, 308 F.Supp. 528, 531 (N.D.Ill.1969); 3A J. Moore's Federal Practice ¶ 19.13 (2d ed., 1948, recompiled 1967).

In this case the Court has considered several factors with respect to the issue of joinder. Of particular concern to this issue is the plaintiff's challenge to Rule 7 of the collective bargaining agreement between defendants MoPac and BRAC. Rule 7(a) reads:

Employes (sic) covered by these rules shall be in line for promotion. Promotions, assignments and displace-

ments under these rules shall be based on seniority, fitness and ability; fitness and ability being sufficient seniority shall prevail, except, however, that seniority shall not apply in filling positions named in paragraph (c) of this rule. (In filling positions listed in paragraph (c) of this rule, preference shall be given to employees coming under the provisions of this agreement.)

Rule 7(c) lists the jobs excepted from the seniority provision and includes the position of "Secretary to the Traffic Manager" to which the plaintiff was not promoted on or about October 27, 1969, allegedly for discriminatory reasons based upon sex. (In a footnote, defendants BRAC and Local 84 note that effective March 1, 1973, the collective bargaining agreement was revised with Rules 7(a) and 7(c) not appearing in the new agreement. It is noted, however, that the revisions still except some jobs from the requirement of seniority.) The plaintiff's complaint also alleges discrimination against members of her class with regard to matters of compensation, hiring, promotions, transfers and seniority. This allegedly is done under and pursuant to the terms of collective bargaining agreements entered into by defendants MoPac and BRAC.

██ In light of the critical involvement of the collective bargaining agreement and its interpretation and application to plaintiff's allegations, this Court concludes that the defendants BRAC and Local 84 should be joined under Rule 20(a), Federal Rules of Civil Procedure. Not only may they aid in the interpretation of the collective bargaining agreements, *Kinnunen, supra; Reyes, supra,* but also they may serve to represent the rights and interests of those persons not presently before the Court, including the plaintiff's replacement, *Kinnunen, supra; Bremer, supra,* and those male employees whose future promotions, transfers and seniority *might be affected if* relief is accorded by this Court (the record not showing that any are "indispensable parties".) *See* Bowe v. Col-

gate-Palmolive Co., 416 F.2d 711, 719 (7th Cir. 1969); Norman v. Missouri-Pacific RR Co., 414 F.2d 73, 85 (8th Cir. 1969); United States v. St. Louis-San Francisco Ry. Co., 52 F.R.D. 276, 280 (E.D.Mo.), rev'd on other grounds, 464 F.2d 301 (8th Cir. 1971), cert. denied, United Transp. Union v. United States, 409 U.S. 1107, 93 S.Ct. 900, 34 L.Ed.2d 687 (1973).

It must be noted that this joinder is solely for a limited purpose and does not include jurisdiction to award any damages shown to result from discrimination by BRAC or Local 84. Bowe v. Colgate-Palmolive Co., 416 F.2d 711, 719 (7th Cir. 1969). The complaint charges the defendant unions with complicity in defendant MoPac's actions, primarily in connection with alleged breaches of the duty of fair representation under the Railway Labor Act, as amended. With respect to these allegations, this Court believes that it is compelled to require EEOC exhaustion as a jurisdictional prerequisite in order to afford all parties "at least an *opportunity* to reach a more amicable conciliation out of court". Beverly v. Lone Star Lead Construction Corp., 437 F.2d 1136, 1139 (5th Cir. 1971). Plaintiff can presently file a complaint before the EEOC embracing the allegations raised with respect to defendants BRAC and Local 84 for suitable EEOC processing. Thereafter, if such conciliation is not reached and upon proper motion and amendment, if necessary, jurisdiction of the Court may be extended to include those claims, if trial preparation time permits. *See* Norman v. Missouri Pacific R.R., 414 F.2d 73, 85 (8th Cir. 1969).

*Scope of Jurisdiction—The Discharge*

██ Defendant MoPac contends that the Court does not have jurisdiction over the complaint with respect to the alleged retaliatory discharge because no complaint regarding the discharge has been filed with the EEOC, nor has the Commission had the opportunity to investigate and make a preliminary determination as to its merits. The issue

may be summarized as follows: when a district court properly has jurisdiction of allegations of discriminatory employment practices, EEOC procedures having been exhausted, may the court also assume jurisdiction over a claim of retaliatory discharge which has not been the subject of EEOC procedures? After examining the applicable law this Court concludes that the question is to be answered in the affirmative.

■■ As a general rule, an individual complaining of a discriminatory discharge must first exhaust his EEOC remedies before seeking relief in the federal courts. *See, e. g.,* Richardson v. Miller, 446 F.2d 1247 (3d Cir. 1971). However, it must be remembered that the filing of a charge with the EEOC is a protected right under Title VII and that conduct infringing upon that right is a violation of the Act. Barela v. United Nuclear Corp., 462 F.2d 149, 152 (10th Cir. 1972); Pettway v. American Cast Iron Pipe Co., 411 F.2d 998, 1005 (5th Cir. 1969). *See also,* Annot., 11 A.L.R.Fed. 316 (1972).

■ Because of the public policy reasons underlying Title VII, the courts have "continuously given a wide scope to the act in order to remedy, as much as possible, the plight of persons who have suffered from discrimination in employment opportunities". *See* Rowe v. General Motors Corp., 457 F.2d 348, 354 (5th Cir. 1972). A civil complaint may properly encompass any act of discrimination similar or reasonably related to the allegations of the charge filed with the EEOC or which grows out of such allegations. Hill v. American Airlines, Inc., 479 F.2d 1057, 1060 n. 5 (5th Cir. 1973); Danner v. Phillips Petroleum Co., 447 F.2d 159, 162 (5th Cir. 1971); Sanchez v. Standard Brands, Inc., 431 F.2d 455, 465–466 (5th Cir. 1970); King v. Georgia Power Co., 295 F.Supp. 943, 947 (N.D.Ga.1968). The charges filed before the EEOC need not include each specific allegation that is subsequently raised before a court. Logan v. General Fireproofing Co., 309 F.Supp.

1096 (W.D.N.C.1969). To require the filing of new charges with respect to each separate alleged act of reasonably related discrimination would serve no purpose other than to create additional procedural technicalities. A single filing complies with the intent of the Act. *See* Love v. Pullman, 404 U.S. 522, 526, 92 S.Ct. 616, 30 L.Ed.2d 679, 684 (1972). When a discharge is allegedly part of a continuing pattern of discrimination which the Commission has considered, a specific EEOC finding of "reasonable cause to believe" that the discharge was also discriminatory is not a federal prerequisite to jurisdiction. *See* Shannon v. Western Electric Co., 315 F.Supp. 1374 (W.D.Mo.1969). *See also* McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668, 676 (1973).

Nevertheless, it appears that claimed retaliatory discharges arising after EEOC charges have been filed must be regarded differently from claimed additional discriminatory practices (not including discharge) which may arise subsequent to those made the basis of an EEOC complaint. For example, the fact that an alleged act of discrimination occurred after the filing of an EEOC complaint may have some bearing upon whether the court has jurisdiction to consider it. *See* Hill v. American Airlines, Inc., 479 F.2d 1057, 1060 n. 5 (5th Cir. 1973); Danner v. Phillips Petroleum Co., 447 F.2d 159, 162 n. 3 (5th Cir. 1971). In light of the broad scope given to EEOC charges under the statute, acts occurring subsequently would need to be significantly different in nature from those made subject of the EEOC charge before a district court would refuse jurisdiction over them as well. *See, e. g.,* Edwards v. North American Rockwell Corp., 291 F.Supp. 199, 203–205 (C.D. Cal.1968) [where EEOC charges only focused upon a claimed discriminatory transfer from employer's plant A to plant B, plus claimed discriminatory conditions existing at plant B, the district court was without jurisdiction with respect to claimed discriminatory condi-

tions at plant A, to which plaintiff was later returned, those conditions not having been made subject of an EEOC complaint. No retaliation was alleged.] Where the practices complained of as arising after the EEOC charge are retaliatory in nature, jurisdiction should be retained. Aside from the strong policy reason for discouraging employer conduct likely to deter an employee's free exercise of his or her rights under the Act, the Fifth Circuit Court of Appeals has suggested that exhaustion is not required under these circumstances, there being ancillary jurisdiction over such claims. Pettway v. American Cast Iron Pipe Co., 411 F.2d 998 (5th Cir. 1969). In *Pettway* the district court had dismissed a Title VII complaint for lack of jurisdiction. While an appeal was pending, the plaintiff was discharged by his employer. Claiming the discharge was in reprisal for his previously having filed charges of discrimination, the plaintiff sought injunctive relief in the district court as being ancillary to the case pending appeal. The district court held that it did not have ancillary jurisdiction. The Fifth Circuit Court of Appeals found that ancillary jurisdiction would lie to grant injunctive relief in such circumstances under Fed.R.Civ.P. 62(c) in order to preserve the status quo pending appeal. *Id.* 411 F.2d at 1003. This Court concludes that ancillary jurisdiction does lie on a Section 704(a) claim under Title VII that is reasonably related to the scope of charges filed before the EEOC which form the basis of the action before this Court. *See* Annot., 11 ALR Fed. 316, 324 (1972).

*Arbitration Procedures—The Discharge*

Defendant MoPac urges that notwithstanding the jurisdiction of the Court over the discharge claim, the Court should allow the discharge to proceed through the collective bargaining grievance and appeals procedure. The plaintiff was represented at the discharge investigation by representatives of Local 84, and notice of appeal within the grievance system has been filed with respect to plaintiff's discharge.

It has been pointed out that the differences between Title VII and the National Labor Relations Act are significant and that the remedies provided by each are not necessarily identical. Tipler v. E. I. duPont deNemours, 443 F.2d 125, 128 (6th Cir. 1971); Pettway v. American Cast Iron Pipe Co., 411 F.2d 998, 1006 (5th Cir. 1969). Matters pertaining to discrimination may involve concurrent jurisdiction; thus, pursuing a remedy under the collective bargaining agreement does not necessarily bar subsequent relief under Title VII. Rios v. Reynolds Metals Co., 467 F.2d 54, 55 (5th Cir. 1972); Hutchings v. United States Industries, Inc., 428 F.2d 303, 309 (5th Cir. 1970). It has been held, however, that under limited circumstances a district court may defer to a prior arbitration award which takes into consideration the claims before the court. Before the court may do so, it must find, generally, that the arbitrator had the power under the contract to consider the issues raised, that the issues were identical to those before the court, that the evidence and hearing have dealt adequately and fairly with all factual issues, and that the arbitrator must have actually decided the factual issues presented to the court. Rios v. Reynolds Metals Co., 467 F.2d 54, 58 (5th Cir. 1972). *See also* Dewey v. Reynolds Metals Co., 429 F.2d 324, 331–334 (6th Cir.), aff'd by an equally divided court, 402 U.S. 689, 91 S.Ct. 2186, 29 L.Ed.2d 267 (1971); Alexander v. Gardner-Denver Co., 346 F.Supp. 1012 (D.Colo.1971), aff'd, 466 F.2d 1209 (10th Cir. 1972), cert. granted, 410 U.S. 925, 93 S.Ct. 1398, 35 L.Ed.2d 586 (1973). In the absence of such full consideration, the district court should proceed to investigate the merits. *See* Macklin v. Spector Freight Systems, Inc., 156 U.S.App.D.C. 69, 478 F.2d 979, 990 (1973).

The Court is not presented with a prior arbitration award for con-

sideration. Rather, it is asked to defer further proceedings pending completion of the arbitration proceedings already underway. Initially, the Court must take notice that the discharge investigation, which is the initial point from which the arbitration will proceed, specifically excluded all issues pertaining to or bearing upon claimed sex discrimination. (*See, e. g.,* Tr. 52–53) Under these circumstances it would be improper for the Court to defer to a proceeding, the award of which would not meet the foregoing standards.

*Preliminary Injunction—Reinstatement*

 The law appears to be settled in this Circuit that upon a showing of "sufficient evidence" of unlawful employment practices in violation of Title VII, a district court is permitted, if not required, to order such affirmative preliminary injunctive relief as may be appropriate, including reinstatement, back pay and interest. Murry v. American Standard, Inc., 488 F.2d 529 (5th Cir. 1973); Drew v. Liberty Mutual Insurance Co., 480 F.2d 69, 71 (5th Cir. 1973); Culpepper v. Reynolds Metals Co., 421 F.2d 888, 894 (5th Cir. 1970); Equal Employment Opportunity Commission v. Liberty Mutual Insurance Co., 346 F.Supp. 675 (N.D.Ga.1972), aff'd, 475 F.2d 579 (5th Cir. 1973), cert. denied, 414 U.S. 854, 94 S.Ct. 152, 38 L.Ed.2d 103. However, the standard by which such relief is to be measured is not so well settled.

 In general, the principal purpose of a preliminary injunction is to preserve the status quo pending a final resolution of the merits at a trial. 7 J. Moore's Federal Practice ¶ 65.04 [1] at 65–36 (2d ed., recompiled 1972) [hereinafter referred to as Moore's]. The four prerequisites for the extraordinary relief of a preliminary injunction are: (1) a substantial likelihood of the plaintiff's prevailing on the merits; (2) irreparable injury to the plaintiff if preliminary relief is not granted; (3) judi-

cial consideration of the public interest to be served by granting a preliminary injunction; and (4) consideration of any harm possibly resulting to other parties in the proceeding. Blackshear Residents Organization v. Romney, 472 F.2d 1197, 1198 (5th Cir. 1973); Allison v. Froehlke, 470 F.2d 1123, 1126 (5th Cir. 1972). *See also* Moore's ¶ 65.04 [1] at 65–39 to 65–53. The burden of proof is upon the plaintiff to make a *prima facie case* showing each of the prerequisites; there must exist a probable right and a probable danger of irreparable injury. *See* Crowther v. Seaborg, 415 F.2d 437, 439 (10th Cir. 1969). The opposing party must be given an opportunity to present evidence in opposition to the requested relief. *See* Marshall Durbin Farms, Inc. v. National Farmers Organization, Inc., 446 F.2d 353, 356 (5th Cir. 1971).

 With regard to the first prerequisite, the test of determining a plaintiff's likelihood of succeeding on the merits is not one of absolute certainty:

> To justify a temporary injunction it is not necessary that the plaintiff's right to a final decision, after a trial, be absolutely certain, wholly without doubt; if the other elements are present, . . . it will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation.

Hamilton Watch Co. v. Benrus Watch Co., 206 F.2d 738, 740 (2d Cir. 1953). To be balanced against this consideration is the doctrine that mandatory preliminary injunctions "should not be granted except in rare instances in which the facts and law are clearly in favor of the moving party". Exhibitors Poster Exchange v. National Screen Service Corp., 441 F.2d 560, 561 (5th Cir. 1971). In the present case, the

Court is satisfied that the plaintiff has presented a prima facie case showing a sufficient likelihood of succeeding on the merits so as to presently satisfy this requisite. The EEOC found that plaintiff's discharge was retaliatory and in violation of Section 704(a) of Title VII, as amended, 42 U.S.C. § 2000e–3(a), which provides:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

This statutory section is to be broadly interpreted and applied by the courts so as to zealously protect the rights of employees under Title VII. *See* Barela v. United Nuclear Corp., 462 F.2d 149, 152 (10th Cir. 1972); Pettway v. American Cast Iron Pipe Co., 411 F.2d 998, 1005 (5th Cir. 1969). *See also* Annot., 11 ALR Fed. 316 (1972). For example, it has been held that even false statements made by an employee-charging party about an employer cannot be made the basis of independent, unilateral punitive action by that employer. *Pettway, supra,* 411 F.2d at 1005. This Court has closely studied the documentary evidence in the case, particularly the transcript of plaintiff's discharge hearing, and has concluded that the present record does not show that the EEOC was clearly in error with respect to its conclusion.

With regard to the second prerequisite, irreparable harm, the Fifth Circuit Court of Appeals has held that "irreparable injury should be presumed from the very fact that the statute has been violated". Murry v. American Standard, *supra,* 488 F.2d at 531, citing Culpepper v. Reynolds Metals Co., *supra,* 421 F.2d at 894–895. The Court's conclusion that plaintiff has made a sufficient showing of succeeding on the merits compels a finding of irreparable injury for purposes of plaintiff's motion for a preliminary injunction.

 The Court believes that the last two factors may be considered together: the public interest involved and the harm possibly resulting to other parties. The record reflects a severe personality conflict between the plaintiff and her immediate male supervisors and also with a male co-worker. Whether this hostility resulted from unlawful sex discrimination or other causes is not clear from the present record. It is only too apparent that credibility of the witnesses will be a major, and perhaps a controlling, factor in the ultimate decision reached in this case. The Court is also aware that plaintiff has accepted substitute employment at present and is not suffering severe financial hardship due to the discharge by defendant MoPac. Under these circumstances, the Court concludes that there is no benefit to be obtained by ordering plaintiff's immediate reinstatement. On the contrary, the Court believes that the interests of all parties, the plaintiff, her co-workers and the public which deals with the office of the defendant railroad would be adversely affected by any such action. The Court is properly sensitive to the interests of Title VII actions and recognizes that unemployed, discharged plaintiffs should receive the benefit of every reasonable doubt with respect to interlocutory reinstatement which would preserve the status quo pending a full trial on the merits. In the present case, however, the Court concludes that under the circumstances the harm likely, if not certain, to result would clearly outweigh any benefits resulting from an order of reinstatement at this time. The case should and will be set down for trial at the earliest practicable time. Should the plaintiff prevail following a trial on the merits, all appropriate relief including reinstatement can be evaluated by the Court in the light of the evidence. For the foregoing reasons, the Court is of the opinion that plaintiff's motion for a preliminary injunction should be and hereby is denied.