**Laura Ann HOLIDAY, Individually and on behalf of all others similarly situated, Plaintiff,**

v.

**RED BALL MOTOR FREIGHT, INC., et al., Defendants.**

**Civ. A. No. 73–H–1405.**

United States District Court, S. D. Texas, Houston Division.

Dec. 31, 1974.

Carol C. Nelkin, Nelkin & Nelkin, Houston, Tex., for plaintiff.

Quinnan H. Hodges, Houston, Tex., for defendant Red Ball Motor Freight, Inc.

Hal K. Gillespie, Mullinax, Wells, Mauzy & Baab, Inc., Dallas, Tex., for defendants International and Southern Conference of Teamsters.

James P. Wolf, Dixie, Wolf & Hall, Houston, Tex., for defendant Teamsters Freight, Tank Line and Automobile Industry Employees, Local No. 988.

## MEMORANDUM AND ORDER

CARL O. BUE, Jr., District Judge.

Before this Court for consideration is the motion to dismiss, pursuant to Rule 12(b), Fed.R.Civ.P., filed on behalf of defendants International Brotherhood of Teamsters (International) and Southern Conference of Teamsters (Southern Conference). By this action, plaintiff, a Black female, seeks redress on behalf of herself and others similarly situated for alleged racial discrimination in hiring, job assignments, promotions, transfers, wages, discharges and discipline. Defendants International and Southern Conference are the international and regional organizations of which Local 988, the exclusive bargaining representative for the defendant employer, is a member. This Court has jurisdiction over this cause of action pursuant to 42 U.S.C. § 2000e–5(f), 28 U.S.C. § 1343 and 29 U.S.C. § 185.

## JURISDICTION UNDER 42 U.S.C. § 1981

■ Defendants International and Southern Conference urge that the action premised upon 42 U.S.C. § 1981 be dismissed as to them for failure to state a claim in that they are not the exclusive bargaining agent for the plaintiffs and thus cannot interfere with the latter's right "to make and enforce contracts . . . ." By this argument, defendants rely upon the decision in *Waters v. Wisconsin Steel Works of International Harvester*, 427 F.2d 476, 483 (7th Cir. 1970), *cert. denied*, 400 U. S. 911, 91 S.Ct. 137, 27 L.Ed.2d 151 1970):

> Racial discrimination in employment by unions as well as by employers is barred by section 1981. The relationship between an employee and the union is one of contract. Accordingly, in the performance of its functions as agent for the employees, a union cannot discriminate against some of its members on the basis of race.

Defendants argue that this decision envisions the union's role as one of a representative capacity. Because defendants are not the exclusive bargaining agent for plaintiffs and thus do not have a contractual relationship with the plaintiffs, they argue that they do not fall within the ambit of the prohibitions of § 1981.

The Court does not believe that § 1981 should be limited to the narrow ambit that the defendants would ascribe to it. The power to make and enforce contracts refers to contracts of employment as well as union representation. Thus, it is possible for a union of which the plaintiffs are members to function in some capacity other than as an exclusive bargaining agent that would create or foster a discriminatory situation between plaintiffs and their employer as well as between plaintiffs and the exclusive bargaining agent. In this regard, the court in *Sabala v. Western Gillette, Inc.*, 6 F.E.P. 120 (S.D.Tex.1973) found that these two defendants had violated § 1981 because "[o]fficials of these two organizations were intricately involved in the contract negotiations that led to the agreements in question". Because this Court finds that this type of activity can violate § 1981 by jeopardizing a member's right to contract for employment as much as any activity of the local union that functions in the formal capacity of an exclusive bargaining agent, it cannot be said at this time that plaintiffs can prove no set of facts in support of their claim upon which this Court could grant relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957). Accordingly, defendants' motion to dismiss the action premised upon § 1981 for failure to state a claim will be denied at this time.

## JURISDICTION UNDER 42 U.S.C. § 2000e–5(f)

Defendants International and Southern Conference further argue that they be dismissed because plaintiff Holiday has failed to comply with the jurisdictional prerequisites of filing an EEOC charge against them. Additionally, defendants argue that the plaintiff has not timely filed suit against them as plaintiff received her right to sue letter on July 20, 1973, but added these parties as defendants only by an amendment of her complaint on June 21, 1974.

In *Held v. Missouri Pacific R.R. Co.*, 373 F.Supp. 996 (S.D.Tex.1974), this Court held that a union might be joined in a Title VII action even though it had not been named in an EEOC complaint if the presence of the union was necessary to interpret a collective bargaining agreement, *see Kinnunen v. American Motors Corp.*, 56 F.R.D. 102 (E.D.Wis. 1972); *Reyes v. Missouri-Kansas-Texas R.R. Co.*, 53 F.R.D. 293, 297 (D.Kan. 1971), or to adequately represent members of the union that might be adversely affected by court action but who were not themselves before the court. *See Kinnunen, supra; Bremer v. St. Louis Southwestern R.R. Co.*, 310 F. Supp. 1333, 1339–40 (E.D.Mo.1969).

However, joinder in *Held* was for the limited purpose of interpreting the collective bargaining agreement or representing absent union members and not for the purpose of subjecting the union to damages for a violation of Title VII.

■ Under the circumstances of this case, the Court does not find that the joinder of defendants International and Southern Conference, even for the limited purposes permitted in *Held*, is warranted. The Court has previously held that these two defendants will remain parties to this action with respect to claims premised upon 42 U.S.C. § 1981 and in this capacity will be available to assist in interpretation of the collective bargaining agreement. Accordingly, joinder for the limited purposes permitted by this Court in *Held* is unnecessary. The motion to dismiss defendants International and Southern Conference is granted with respect to those claims premised upon Title VII of the 1964 Civil Rights Act.

### THE CLAIM PREMISED UPON UNFAIR REPRESENTATION

Defendants International and Southern Conference also argue that dismissal of the claims of unfair representation against them is warranted in that they are not the exclusive bargaining agent for the plaintiffs and, therefore, owe the plaintiffs no duty of representation. Plaintiffs argue that these defendants have acquiesced and joined the collective bargaining agreement as evidenced by the finding of the court in *Sabala* that these two unions were very much involved in the negotiation of the collective bargaining contract.

■ The Court does not find that the activities of these defendants during the negotiating process are sufficient to ascribe to them the statutory duty of fair representation that is the responsibility of the exclusive bargaining agent. The duty of fair representation is accorded by federal law to the exclusive bargaining agent. *See Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903,

17 L.Ed.2d 842 (1967); *Encina v. Tony Lama Co.*, 316 F.Supp. 239, 245 (W.D. Tex.1970), *aff'd* 448 F.2d 1264 (5th Cir. 1971). Accordingly, the motion to dismiss those claims premised upon 29 U.S.C. § 151 *et seq.* against defendants International and Southern Conference is granted.

Motion denied.