Gregory **ESCAMILLA**, Plaintiff,

v.

**MOSHER STEEL COMPANY,**
**Defendant.**

**Civ. A. No. 74–H–966.**

United States District Court,
S. D. Texas,
Houston Division.

Jan. 2, 1975.

Gabrielle K. McDonald and Mark T. McDonald, McDonald & McDonald, Houston, Tex., for plaintiff.

Larry M. Lesh, Locke, Purnell, Boren, Laney & Neely, Dallas, Tex., for defendant.

## MEMORANDUM AND ORDER

NOEL, District Judge.

■ This is a case of first impression in this Circuit, dealing with the issue of whether a successor company may be held liable for the unlawful employment practices of its predecessor. The facts appear to be undisputed. In the latter part of 1971, plaintiff was discharged by the corporation then known as The Mosher Steel Company and as a result, filed charges with the Equal Employment Opportunity Commission claiming racial discrimination by the company. Slightly over a year

after the complaint was filed with the EEOC, Mosher Steel and Trinity Industries, Inc., entered into a purchase and sale agreement whereby Trinity acquired substantially all of the assets of Mosher, including the right to use Mosher's corporate name. On January 8, 1973, Trinity assigned a portion of the assets acquired from Mosher to a wholly owned subsidiary, Trinity Erection & Construction Company. Pursuant to the terms of the purchase and sale agreement, Trinity Erection & Construction officially changed its name to "Mosher Steel Company" and continued to operate under this name at the same address and with substantially the same workforce as the predecessor company from which plaintiff had been discharged.[1]  (For clarity, the predecessor company will hereinafter be referred to as Mosher, Inc., its present name, and the Trinity subsidiary which succeeded Mosher will be called by its current name, The Mosher Steel Company.)

It was not until December 21, 1973, almost an entire year after the above transactions were consummated, that Mosher Steel was officially served with notice of the charges. After determining that there was reasonable cause to believe a Title VII violation had been committed, the EEOC issued a "right-to-sue letter" on April 22, 1974. Plaintiff subsequently filed this suit under 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981 seeking reinstatement, backpay and injunctive relief.

The defendant now moves under R. 12(b)(6) to dismiss Mosher Steel from the proceedings on the grounds that the company as it now exists is an entirely separate entity from Mosher, Inc., the employer at the time of plaintiff's discharge and the company which was named in the complaint filed with the EEOC. The defendant further contends that plaintiff's § 1981 action is barred by the statute of limitations and also should be dismissed. The plaintiff seeks to join Trinity Industries and Mosher, Inc. as defendants. For the reasons set forth below, the Defendant's First Amended Motion to Dismiss is denied and the Plaintiff's Motion to Amend Original Complaint so as to join Trinity Industries, Inc., and Mosher, Inc. is granted.

## DEFENDANT'S MOTION TO DISMISS

Defendant's basic assertion in support of its motion to dismiss is that no charge of discrimination was filed with the EEOC against Trinity Industries or its subsidiary and that plaintiff therefore has no cause of action under Title VII.

An individual is required to meet only two jurisdictional requirements in order to maintain a suit under Title VII: (1) the timely filing of a charge of employment discrimination with the EEOC, and (2) the filing of suit by plaintiffs within the statutory time period after receiving a right to sue letter from the EEOC. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Plaintiff here has thus done all that he was required to do or could have done in view of the very strict time limitations of Title VII. In formulating the notice requirement Congress could only have intended that an employee be required to name those who were known to him and who could have been charged within the period of limitation. MacMillan v. Bloedel Containers, Inc., 503 F.2d 1086 (6th Cir. 1974). Secondly, failure to hold Trinity or the "new" Mosher Steel liable as successor corporations could defeat the purpose of Title VII and leave the plaintiff without relief. As stated

---

1. Plaintiff alleges in its brief that substantially all of the managers, supervisors and employees who were employed by the predecessor "continued their employment at that same facility under the management of Trinity Industries, Trinity Erection and Construction, and the 'new' Mosher Steel Company." Since defendant has said nothing which would cast doubt on the plaintiff's allegation, it will be taken as true for the purposes of this motion. Singleton v. Foreman, 435 F.2d 962, 968 (5th Cir. 1970).

in MacMillan v. Bloedel Containers, *supra:*

> Failure to hold a successor [corporation] liable for the discriminatory practices of its predecessor could emasculate the relief provisions of Title VII by leaving the discriminatee without a remedy or with an incomplete remedy. In the case where the predecessor company no longer had any assets, monetary relief would be precluded. Such a result could encourage evasion in the guise of corporate transfers of ownership. Similarly, where relief involved . . . reinstatement . . . only a successor could provide it.

> It is to be emphasized that the equities . . . favor successor liability because it is the successor who has benefited from the discriminatory employment practices of its predecessor.

■ Defendant correctly asserts that, as a general rule, only those parties named in the complaint filed with the EEOC are subject to suit under Title VII. Miller v. International Paper Co., 408 F.2d 283, 291 (5th Cir. 1969); Held v. Missouri Pacific Railroad Co., 373 F.Supp. 996, 999 (S.D.Tex.1974). This jurisdictional prerequisite is designed to serve two purposes: (1) it notifies the charged party of the violation; and (2) "it brings the charged party before the EEOC and permits effectuation of the Act's primary goal, the securing of voluntary compliance with the law." Bowe v. Colgate Palmolive Co., 416 F.2d 711, 719 (7th Cir. 1969); MacMillan v. Bloedel Containers, Inc., *supra.* In the instant case, both purposes appear to have been satisfied. The EEOC complaint was officially *served* on the Trinity subsidiary and not on Mosher, Inc. Thus the company had notice of the complaint prior to the EEOC investigation and was able to attempt conciliation prior to suit.

■ Although the 6th Circuit in *Mac-Millan* emphasized that "the liability of a successor is not automatic, but must be determined on a case by case basis," the same factors considered by the Court there are present in the instant case: "1) whether the successor company had notice of the charge,[2] 2) the ability of the predecessor to provide relief,[3] 3) whether there has been a substantial continuity of business operations, 4) whether the new employer uses the same plant, 5) whether he uses the same or substantially the same workforce,[4] 6) whether he uses the same or substantially the same supervisory personnel, 7) whether the same jobs exist under substantially the same working conditions, 8) whether he uses the same machinery, equipment and methods of production and 9) whether he produces the same product." The Court is mind-

2. Defendant asserts that Trinity and its subsidiary had no notice of the EEOC charge and was, in fact, assured by Mosher, Inc. that there were "no proceedings of any kind or nature pending . . . or threatened . . . by any Federal or State board or other administrative agency." If so, it would appear to the Court that the more equitable procedure would be for Trinity to proceed against Mosher, Inc. on the contract rather than to deny plaintiff an opportunity to proceed against those who might be liable in this action. Requiring the plaintiff to refile his charges with the EEOC would be a useless act and would result only in further delay.

3. Although not necessary to the disposition of this Motion, the Court would like to note that the successor corporations, Trinity and Mosher Steel, might be liable to plaintiff only by way of injunctive relief and not by way of damages. However, a determination of this issue will depend on a determination of the facts at trial.

4. The Court is well aware of the principles recently established by this Circuit in Boeing Company v. International Association of Machinists and Aerospace Workers, 504 F.2d 307 (5th Cir. 1974). If the plaintiff's assertions are taken as true (See Footnote 1, *supra*), there would appear to be little problem with respect to the extent of continuity in the identity of the workforce across the change in employers. Furthermore, the *Boeing* Court stated that "continuity in the identity of the business enterprise is more strongly shown where the predecessor employer-successor employer relationship is one of purchase and sale, . . . ."

ful of the caveat of Singleton v. Foreman, *supra,* 435 F.2d at 968 that a Rule 12(b) motion to dismiss should not be granted unless it appears that plaintiff could prove no set of factors which would entitle him to relief. Therefore, if the plaintiff's pleadings are taken as true, there would seem to be little doubt that jurisdiction should be maintained over Mosher Steel and Trinity Industries.

█ The defendant also contends that plaintiff's claim under 42 U.S.C. § 1981 is barred by limitations. Actions for back wages under § 1981 are governed by Vernon's Tex.Rev.Civ.Stat. Ann., Art. 5526, a two-year limitation period. Guerra v. Manchester Terminal Corp., 498 F.2d 641, 648 (5th Cir. 1974); Johnson v. Goodyear Tire & Rubber Co., 491 F.2d 1364, 1378–1379 (5th Cir. 1974). However, the running of the statute is tolled by the filing of a complaint with the EEOC. Guerra v. Manchester, *supra,* 498 F.2d at 648; Franks v. Bowman Transportation Co., 495 F.2d 398, 406 (5th Cir. 1974). Here the complaint was filed only six days after the alleged discriminatory discharge. Since this suit was filed well within the two-year period following the completion of the EEOC investigation, the defendant's contention is groundless.

### PLAINTIFF'S MOTION TO JOIN TRINITY INDUSTRIES, INC., AND MOSHER, INC., AS DEFENDANTS

*Trinity Industries:*

█ Since Trinity is the parent corporation and sole owner of Mosher Steel, its joinder in this action would appear necessary so that complete relief may be accorded among the parties. F.R.Civ.P. 19(a). Through its wholly

owned subsidiary, Mosher Steel, Trinity had, or should have had, notice of the EEOC charges and was able to attempt conciliation. (See above discussion of Defendant's Motion to Dismiss Mosher Steel). Held v. Missouri Pacific Railroad Co., *supra,* 373 F.Supp. at 999 [dicta]; Slack v. Havens, 8 EPD ¶ 9491 (D.C.Cal.1973); Torockio v. Chamberlain Mfg. Co., 51 F.R.D. 517 (W.D. Pa.1970); Sokolwski v. Swift & Co., 286 F.Supp. 775, 782 (D.Minn.1968). [dicta].

*Mosher, Inc.:*

The company which was doing business as the Mosher Steel Company at the time of plaintiff's discharge is now known as Mosher, Inc. Since Mosher Inc., was the plaintiff's employer at the time of the discriminatory practices and may possibly be liable for damages, the Court should join it as a party defendant in this action under F.R.Civ.P. 19(a) so that complete relief may be accorded among those already parties.

█ It is of no consequence that Mosher, Inc., was not served with notice of the charges. Failure by the EEOC to serve notice is not jurisdictional and will not defeat the action. Veazie v. Southern Greyhound Lines, 374 F.Supp. 811, 814 (E.D.La.1974); Johnson v. ITT Thompson Industries, 323 F.Supp. 1258 (N.D.Miss.1971); Logan v. General Fireproofing Company, 309 F.Supp. 1096, 1099 (W.D.N.C.1969).

The defendant's Motion to Dismiss is denied and the plaintiff's Motion to Amend Original Complaint so as to join Trinity Industries, Inc., and Mosher, Inc. as defendants is granted.

The Clerk will file the Memorandum and Order and furnish copies to the appropriate parties.