**Charles Arthur ARNOLD, Individually and on behalf of all others similarly situated, Plaintiff,**

**v.**

**CONSOLIDATED FREIGHT WAYS, INC., et al., Defendants.**

**Civ. A. No. 73–H–1540.**

United States District Court, S. D. Texas, Houston Division.

July 28, 1975.

Henry M. Rosenblum, Houston, Tex., for plaintiff.

James P. Wolf, Dixie, Wolf & Hall, Houston, Tex., for Local 988.

L. N. D. Wells, Jr., Mullinax Wells, Mauzy & Baab, Inc., Dallas, Tex., for Int'l Bro. of Teamsters & So. Conf. of Teamsters.

James H. Lehmann, Jr., Woodard, Hall, McCrory, Henry & Primm, Houston, Tex., for Consolidated Freight.

### ORDER

CARL O. BUE, Jr., District Judge.

Before this Court for consideration are the motions to dismiss filed on

behalf of all defendants. Defendant Consolidated Freight Ways, Inc., moves to dismiss this action without prejudice because of the entry of a consent decree against it in a suit brought by the United States in the District of Columbia. Defendant contends that plaintiff may later bring an individual action if dissatisfied with the consent decree. However, the terms of that decree provided that:

> "[n]othing in this Decree shall be considered or construed to prohibit or prevent the right of individuals who do not consent or accept the relief hereinafter provided, from maintaining an action or participating as a member of a class in an action for alleged past discrimination . . . ."

Furthermore, in *Rodriguez v. East Texas Motor Freight*, 505 F.2d 40, 65 (5th Cir. 1974), the Circuit Court has held in a similar situation that no member of a plaintiff class loses any right to relief by virtue of a consent decree if he has not signed a release and thereby joined in the decree. Accordingly, the motion to dismiss defendant Consolidated Freight Ways, Inc., because of the entry of a consent decree in a separate action is denied.

Defendants International Brotherhood of Teamsters (International) and Southern Conference of Teamsters (Southern Conference) urge that they be dismissed for various reasons. First, these defendants argue that the claims against them premised upon 42 U.S.C. § 2000e should be dismissed because plaintiff has failed to name them in charges filed with the EEOC prior to this suit. Plaintiff does not deny that he has failed to comply with this condition precedent to a Title VII suit. In accord with the holding of this Court in a similar action, *Holiday v. Red Ball Motor Freight, Inc.*, 399 F.Supp. 81 (S.D.Tex., 1974), those claims against these two defendants premised upon Title VII will be dismissed for lack of jurisdiction.

Second, defendants International and Southern urge that the claims premised upon 42 U.S.C. § 1981 and 29 U.S.C. § 151 be dismissed because they are not the collective bargaining agent for plaintiff and the class he represents. As this Court held in *Holiday*, the status of a collective bargaining agent is unnecessary in order for a union to be held liable under 42 U.S.C. § 1981. Accordingly, the motion to dismiss the claims premised upon that provision will be denied. However, as this Court also recognized in *Holiday*, the duty of fair representation protected by 29 U.S.C. § 151 is owed only by the exclusive bargaining agent. Plaintiff does not deny that these defendants do not occupy that position. Accordingly, the claim premised upon that provision will be dismissed as to defendants International and Southern for failure to state a claim.